```
------------------------------------ x
UNITED STATES OF AMERICA,           :
                                    :
       - against -                  :         02-CR-1435(LAP)
                                    :
DERICK JOHNSON,                     :
                                    :
                      Defendant.    :
------------------------------------ x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Derick Johnson's Emergency Motion for a sentence reduction pursuant to 18 U.S.C. Section 3582(c).  For the reasons set forth below, the motion is denied.

    I.   Background

    Derick Johnson is a 35-year old defendant who, in 2005, was convicted of (1) Conspiracy to Distribute and Possess with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846, and (2) Use, Carrying, and Discharge of a Firearm in connection with a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(iii). "During his plea allocution, the Defendant admitted to possessing and distributing 1.5 kilograms or more of crack cocaine." (Doc. No. 314 at 2.) The Defendant further admitted that he "'aided and abetted another person in . . . carrying a firearm which was used in connection with a crime of violence,' specifically the shooting and killing of William Ragland." (Id.) "The Defendant

1

delivered the gun to the shooter immediately before the murder." (Id.)

On May 17, 2006, the Court sentenced the Defendant to a term of imprisonment of 288 months, to be followed by 5 years' supervised release. On July 22, 2011, the Court reduced the Defendant's sentence to 255 months' imprisonment in light of the United States Sentencing Commission's 2007 Amendment 706 to the Drug Quantity Table, which provided for a two-level reduction in base offense levels for crack cocaine offenses. During that resentencing, the Court recognized that the "Defendant's offense was very serious, involving a substantial quantity of drugs and the possession of a dangerous weapon connected to a murder." (Id. at 5.) The Court also recognized that "the Defendant has been involved in several disciplinary incidents while in the custody of the Bureau of Prisons and was moved to a high-security facility." (Id.) At the same time, the Court acknowledged the "positive steps the Defendant has taken" while in custody, including his participation in BOP classes and a GED program. (Id. at 6.) On March 21, 2019, the Court further reduced the Defendant's sentence to 240 months' imprisonment, to be followed by 5 years' supervised released, based on the "Drugs Minus Two" 2014 Amendment to the Sentencing Guidelines. The Defendant is serving his sentence at FCI Fort Dix in New Jersey. According to

the Bureau of Prisons ("BOP"), the Defendant is scheduled to be released on April 7, 2021.

The Defendant's disciplinary record has not improved in recent years. The Defendant is currently housed in the Special Housing Unit (or "SHU") at Fort Dix due to his latest misconduct, including using drugs and alcohol as recently as January 2020. The Defendant has been disciplined on multiple other occasions since his resentencings in July 2011 and March 2019. Most recently, he was sanctioned for refusing to obey an order in October 2019; after testing positive for marijuana in May 2018; and after testing positive for narcotics in January 2018.

II.  The Motion

On April 17, 2020, defense counsel, by email, requested the Warden of FCI Fort Dix, where Defendant is being held, to release Defendant under 18 U.S.C. Section 3624.  The BOP has not yet responded to the request.

On April 27, 2020, Defendant filed the present motion seeking compassionate release based on his "chronic asthma."

III. Applicable Law

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in

3

section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13.  That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," id. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist."  Id. § 1B1.13 Application Note 1.  As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist.  See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

IV.  Discussion

The Court assumes without deciding that it may decide Defendant's motion despite his failure to exhaust his administrative remedies.

First, the 3553(a) factors counsel against a further reduction is Defendant's sentence.  The Defendant committed an incredibly serious and violent offense as a gang member, involving the possession and distribution of a substantial quantity of drugs and the possession of a dangerous weapon that was used to murder William Ragland. Moreover, during his time in BOP custody, the Defendant has been disciplined on numerous

5

occasions. He is currently in the Special Housing Unit at FCI Fort Dix due to his ongoing and most recent misconduct, including using drugs and alcohol as recently as January 2020. In sentencing and re-sentencing the Defendant at the low end of the Guidelines range, the Court already took into account and carefully considered the 3553(a) factors and still sentenced him to 240 months.  Those section 3553(a) factors still counsel against release.

Second, Defendant has not demonstrated exceptional and compelling reasons, particularly given his danger to the community from his crime of conviction and his continued unlawful conduct while incarcerated, for his release.  That he, as a 35-year old, has "chronic asthma" "being treated with an asthma pump and prescription medication" does not constitute such a reason.  In addition, the Government has detailed the precautions taken by the BOP in general and FCI Fort Dix in particular to minimize the effect of the COVID-19 virus. Defendant has not proffered anything that indicates that he falls into the narrow band of inmates who are "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility and from which he or she is not expected to recover."  See U.S.S.G. Section 1B1.13, Application Note 1(A).

Accordingly, the motion is denied.

SO ORDERED.

Dated: New York, NY
May 5, 2020

_____
Loretta A. Preska
Senior United States District Judge